case number 241871. Good morning. Good morning, Your Honors. And thank you for appearing. Thank you. Thank you, Your Honor. May it please the Court. My name is Shakira Henderson, and I represent the defendant appellant, Mr. Steve Boria. This appeal is about whether the lower court met its independent obligation to ensure the adequacy of the record that Mr. Boria was competent to waive his trial rights. When the lower court failed to adequately inquire into the side effects of Mr. Boria's medication and their impact on his rational and factual understanding of the proceedings, it committed a plain error requiring vacator of his guilty plea. In United States v. Rosillo and in United States v. Yang Jie-Tien, this Court held that when a lower court is on notice that the defendant has taken medication at the time of the plea, it must directly ask relevant questions that elicit from the defendant a sufficient on-the-record factual basis to ensure their competence to plead. But that did not happen here. Didn't it, though? The magistrate judge asked, what was the other medication that you mentioned for being bipolar? And counsel said, Your Honor, he doesn't know the name at the current time. And so what other question was the Court required to ask in your view? As this Court held in Yang Jie-Tien, when the Court has reasonable cause to question the defendant's competency because of medication, they must engage the defendant in a back-and-forth exchange on the record that susses out three categories of information, the side effects of that medication, the type of medication, and its impact on the defendant's rational and factual understanding of the proceedings. Here, the Court did ask three closed questions of Mr. Boria once he put them on notice that he had taken medications, psychoactive medications, the night before the plea hearing. But it failed to conduct a more searching inquiry that engaged the defendant in their own words on the record to establish an affirmative showing. So in Yang Jie-Tien, we said the district court there learned that Tien took medications yet did not make an on-the-record finding as to the side effects of the medications and whether they interfered with his understanding of the proceedings. But I think just as a follow-up to Judge Park's question, I'm reading the transcript, and it seems that absent the ability to know what exact medication your client was taking and had taken the night before, the district, the med street judge asks the right questions. Your Honor, he doesn't know the name at the current time. When was the last time you took that medication last night? Since you took that medication last night, what time did you take that medication? Eight o'clock. As you're sitting here now, are you clear-headed? Do you understand what's happening here in the court? Yes, I do. Why doesn't that reflect an inquiry to find out or understand whether the defendant, having taken the medication, has any side effects that would prevent him from understanding the proceedings? Why isn't that enough? Three closed questions eliciting one-word or three-word responses for the defendant falls far short of the thorough inquiry required by this Court's precedent. The Court asked Mr. Boria three closed questions after he put them on notice that he's taken these medications and elicited only perfunctory responses. It never developed a record on the medication's side effects, the potential interactions, or Mr. Boria's mental health history. What if, just hypothetically, the magistrate judge had said, well, are there any side effects? And the answer was, you used the word perfunctory, and the answer was no. Would that have been enough? Your Honor, this is a fact-specific inquiry, and courts are experts at developing a factual basis for their findings. What this Court has held and the Ninth Circuit and the United States v. Carter survey case, where they suffered multiple circuits, including the second, they found that lower courts have developed an adequate record with an affirmative showing of competence once there was cross-questioning it by asking questions like, what does the defendant's experience with side effects, as your Honor just said? What is the impact on your ability to understand complex matters? What is your mental health history of diagnoses? What is your history of mental health treatments? What is your experience with interactions between multiple medications? So you're arguing that that entire colloquy is required for every medication that a defendant says he or she may have taken? No, your Honor. And we're not suggesting that there's a specific set of questions that district courts must present when they have reasonable cause because medications are presented. What we're saying is that this is a fact-specific inquiry, and what this Court has held is that three classes of information must appear on the record to reestablish the defendant's competence to be a fit subject of the criminal proceeding. And here, while the lower court gestured at a more searching inquiry, it fell far short and failed to develop on the record in the defendant's own words, exposing his state of mind once the court was on notice that he had taken two psychoactive medications the night before the plea hearing. I think so. I'm actually sympathetic to the idea that we should require a more extensive, more comprehensive review of a defendant's competence, particularly after that defendant has, or her counsel has, indicated that they're taking some sort of psychotropic medication or drug. But I just want to go back because I think you're relying largely on Chia Tien. Is that correct? Well, also this Court's holding in Rosillo, how this Court distinguished the records in Rosillo and Yang Chieh Tien from the plea that was upheld in Guzman. So in Chia Tien, what we said was there was no indication that after the district court learned that Tien took medications, it endeavored to ascertain whether they could impact his ability to proceed. So there's no question. And here, just again to go back, and I don't mean to belabor the point, but there were questions directly on that point. So is there a case like this that you were able to identify where there were actually questions and answers, particularly about whether the defendant could understand the proceedings and was clearheaded? Yes, Your Honor. This Court upheld the pleas in Del Carpio and Guzman. And this Court in Guzman, because the defendant argued that their record was similar to Yang Chieh Tien and Mr. Borges, that the lower court failed to ask the questions. But as you mentioned, they engaged the defendant in their own words on the record so that they could expose the state of mind and the impact of the medications. And in Yang Chieh Tien, to clarify, there were two pleas, and there were no questions in one of them. And the court found that because the lower court failed to engage on the record to determine the defendant's competence at the time of the second plea. And the lack of questions. So which is the passport scheme? I'm sorry? The plea to the passport scheme? Which plea? So the first plea, there were questions. Yes. And at the second plea, the court relied on information. I see that my time is up, Your Honor. Oh, please. The court relied on information. Welcome to the Second Circuit. There, the lower court relied on its on-the-record engagement with the defendant from the first plea to make a determination of competence on the record at the second plea. And this court found that there was reasonable cause that was not satisfied because the court failed to engage on the record once it was told that the defendant took medications. And in Mr. Yang's case, his medications were for physical ailments. And we think the error here in Mr. Boria's case is more glaring and structural because they're for psychoactive medications. And the court failed to properly adequately document his competence on the record to proceed once he put the court on notice. Thank you. We'll hear from the government. I know that you reserved some time for rebuttal. I did. Two minutes. Thank you, Your Honor. Good morning. May it please the Court, Jacob Fiddleman for the United States. I represent the government on this appeal, although I was not involved in the district court proceedings below. The district court did not err plainly or otherwise in its Rule 11 colloquy.   With respect to Boria's competence. The follow-up questions that Judge Aaron asked fully complied with all of the precedents cited in Boria's brief. And any minor deviation was certainly not clear or obvious error based on the colloquies that this Court has affirmed in Oyegu, Guzman, and Ray. The Yang-Chiatien case is fully distinguishable. And there is no case from this Court vacating and remanding a colloquy that looks anything like this case. In any event, under this Court's decision in Adams and other cases, Boria must but cannot show that any technical error in the colloquy affected his substantial rights. Because he has neither established that he was actually incompetent at the time of the plea, nor has he established that had Judge Aaron asked an extra question or two, Boria would not have pleaded guilty. So none of the plain error requirements here are met. In Yang-Chiatien, there were two guilty pleas at issue. In the first, the defendant's answers raised affirmative concerns. The defendant said that he was being impacted by his health and medications and that he was only understanding about 50 percent of what was happening. And the district court blew past that and continued with the plea. And in the second plea, the district court asked no competency questions, instead relying on the first plea's colloquy. And that's simply nothing like what happened here. As Judge Loyer and Judge Park quoted earlier, Judge Aaron did ask the precise questions that Boria claims are required. He asked what the medications were for. He asked about their side effects, as to the only relevant piece of the side effects, whether it was impacting his clear-headedness and his understanding as he sat there today. And he got a negative response. He made his own observations of the defendant, which he was permitted to do. And at the conclusion of the entire proceeding, he found the defendant competent and had knowingly and voluntarily waived his rights. So in these circumstances, there was no error and certainly not plain error. Unless the Court has any questions, we're happy to rest on our briefs. Thank you. Ms. Henderson. You're doing a great job, Ms. Henderson. Pardon me, Your Honor. Thank you. Okay, two points on rebuttal. First, Mr. Boria's record, again, falls short of what this Court requires, to establish an affirmative showing of his competence to waive his trial rights after giving the Court reasonable cause to question it, as this Court held in Arnberg. Mr. Boria's questions, an overwhelming majority of his responses on the record, were one word, yes, no, or confirming demographical information like his age. His longest narrative on the record was reciting something prepared for him by his counsel. His longest statement on the record, in his own words, was his statement to the Court letting them know that he takes psychoactive medication. It's competence is... I'm not arguing that Mr. Boria would have changed his plea had the questions been different. We're arguing that the lower court failed to meet this Court's requirement that there is an affirmative showing of his competence. This Court cannot be sure that Mr. Boria's guilty plea was voluntary because the record does not meet the second... But I'm saying, Hara, don't you have to show a form of prejudice that is a reasonable probability that he would not have pleaded guilty? Thank you, Your Honor. Or that the judge wouldn't have accepted the plea? My apologies for interrupting, Your Honor.  Because this is a... Because this error affected... The error that the lower court committed is a structural error, and it affected Mr. Boria's substantial rights. And because it affected his substantial rights, we may not show impact on the outcome of the proceeding. Well, how do we know on this record that he would not have pled guilty? Or that he... Or that the judge, the magistrate judge or the district court judge, would not have accepted the plea? We don't know, Your Honor, because the Court failed to adequately establish his competence on the record. Their finding of his competence to accept the plea is not supported based on Second Circuit precedent. So the government also points out that there is no case vacating and meandering on a colloquy like this one. What's your response to that? Competence... A violation of the defendant's competence to be a fit subject for a criminal process is amongst a handful of substantial rights that when violated so... In fact, the framework... Is there a case where we vacated and meandered on a colloquy based on a colloquy like this one? No, Your Honor. But where this defendant was at a plea hearing determining whether to move forward with trial or waive their trial rights, we think this plea colloquy has the same amount of significance as the trial. Thank you very much. I want to thank Fordham Law School, the clinic, always, and Mr. Weinstein, World Reserve Decision. I also want to thank the government. World Reserve Decision, thank you very much. Thank you, Your Honors. Thank you.